IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, member of the AMERICAN INTERNATIONAL GROUP, INC., | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 07-3148 |
| TITAN INTERNATIONAL, INC., | ) ) ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

This matter is before the Court on Plaintiff Lexington Insurance Co., a member of the American International Group (AIG)'s Motion to Strike Defendant's Affirmative Defenses.

AIG's Amended Complaint alleges that Defendant Titan International, Inc. (Titan) breached two insurance contracts by failing to pay the full premiums due (Count I) and further, that Titan acknowledged that the premium amounts were correct when it failed to object in a timely manner

1

to detailed account statements setting forth the premium payments due under the contracts (Count II).  Titan pled two affirmative defenses in its Answer.  Specifically, Titan asserts that (1) Plaintiff's complaint fails to state a claim upon which relief may be granted and (2) Plaintiff has breached the subject insurance contracts. See Answer and Affirmative Defenses (d/e 16) (Answer), p. 3, Affirmative Defenses.

AIG seeks to strike Titan's defenses pursuant to Federal Rule of Civil Procedure 12(f), which allows a court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The Court notes that motions to strike are generally disfavored because they often serve only to delay.  Heller v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989).  For the reasons set forth below, AIG's Motion to Strike is denied.

AIG argues that Titan's first affirmative defense must be stricken because it is not an affirmative defense and, alternatively, because the defense fails on its face.  An affirmative defense assumes the complaint to be true and asserts some other reason why the defendant is not liable.  See Lincoln Diagnostics, Inc. v. Panatrax, Inc., 2007 WL 2680970, *1 (C.D. Ill.

July 12, 2007); see also Black's Law Dictionary 60 (6th ed. 1990). Titan concedes that its first affirmative defense may not truly be an affirmative defense. Failure to state a claim is however a recognized defense under Federal Rule of Civil Procedure 12(b). One proper vehicle for a party to establish a failure to state a claim is a Rule 12(b)(6) motion rather than as an affirmative defense. Failure to state a claim may also be raised by a motion under Rule 12(c) or at trial. Fed. R. Civ. P. 12(h)(2). Plaintiff is not prejudiced by the fact that the defense of failure to state a claim is pled in the Answer, and the Court will not strike the first defense simply because it was inartfully labeled an "affirmative defense." AIG argues that this defense fails on its face. The Court, however, cannot address the merits of the first defense absent a motion to dismiss. See Lincoln Diagnostics, Inc., 2007 WL 2680970, *3. AIG's request to strike Titan's first defense is denied.

AIG asserts that Titan's second affirmative defense must be stricken because it fails to allege facts necessary to support a claim for breach of contract. The second affirmative defense states as follows: "Plaintiff has breached the subject insurance contracts by failing to provide the Defendant

3

with sufficient explanation for the basis for the premium calculations despite Plaintiff's requests for such information." Answer, p. 3.  Affirmative defenses are subject to the pleading requirements of Federal Rule of Civil Procedure 8(a), which mandate only a "short and plain" statement of each defense.  "[G]enerally pleaded defenses have been held sufficient as long as they give the plaintiff fair notice of the nature of the defense." Lincoln Diagnostics, Inc., 2007 WL 2680970 at *3.  The Court finds that Titan's second affirmative defense meets this standard.  Titan's Answer admits the existence of the subject insurance contracts and denies that Titan breached these contracts.  The second affirmative defense expressly identifies the factual basis for Plaintiff's alleged breach.  Given these circumstances, AIG has fair notice of the nature of Titan's second affirmative defense.  Moreover, to the extent that the Supreme Court's recent decision in Bell Atlantic Corp. v. Twombly applies in this context, the Court finds that Titan has alleged enough facts to state a claim that is plausible on its face. 127 S. Ct. 1955 (2007).  AIG's request to strike Titan's second affirmative defense is denied.

Ergo, the Plaintiff's motion to strike the Defendant's affirmative

defenses [d/e 17] is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: March 10, 2008.

    FOR THE COURT:

                                          s/Richard Mills
                                          United States District Judge